HERMAN REICH, as Receiver of the ELITE BUSINESS CORPORATION, Appellant, v. SAMUEL COHEN and Others, Respondents.— Order of the County Court of Westchester county affirming a judgment of the City Court of Yonkers dismissing the plaintiff's complaint in an action on a promissory note, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.

MINNIE RIBACK, Respondent, v. JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York in Possession of the Property and Business of THE PRUDENCE COMPANY, INC., Appellant.— Action by plaintiff, a bondholder, on defendant banking corporation's written guaranty of payment of first mortgage collateral bonds, the defendant having failed to pay principal and interest due on the bonds after the maker's default. The separate defense, based on chapter 41 of the Laws of 1933, which gives the Banking Board, during the period of an emergency, power to suspend any provision of the Banking Law in whole or in part and also power to adopt, rescind or amend rules and regulations inconsistent with and in contravention of any law to safeguard the interest of depositors and stockholders in corporations subject to the supervision of the Banking Department and to regulate the business of such corporations, is sufficient. While it is true that the letter signed by the Superintendent of Banks, attached to the affidavit of defendant's vice-president, states that the regulations mentioned therein were made pursuant to the President's proclamation, the executive order and interpretations of the Treasury Department, nevertheless the answer specifically alleges and the affidavits clearly show, and it is undenied, that the regulations upon which defendant relies were issued by the Banking Board under the statute. Therefore, it was error to grant plaintiff's motion for summary judgment and to deny defendant's motion for the same relief. Order of Appellate Term, in so far as it reverses the resettled order of the Municipal Court denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment, and in so far as it denies defendant's motion for summary judgment, grants plaintiff's motion and directs that judgment be entered in plaintiff's favor for the amount claimed, and the judgment entered by direction of said order of the Appellate Term, reversed on the law, and resettled order of the Municipal Court in so far as it grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment affirmed, with costs in all courts. In view of the above determination it is unnecessary to consider the appeal from the order of the Appellate Term in so far as it affirms the order of the Municipal Court denying defendant's motion to dismiss the complaint pursuant to chapter 793 of the Laws of 1933, and, therefore, the appeal from that part of the order is dismissed. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur. [152 Misc. 331.]